JUDGE DER-YEGHAYAN

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

MAGISTRATE JUDGE
GERALDINE SOAT BROWN

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | No. **08CR 0007** |
| | ) | Violations: Title 18, |
| v. | ) | United States Code, |
| | ) | Section 666 |
| DEAN ROUPAS, | ) | |
| MICHAEL KROL, | ) | |
| CHUCK MAALI, and | ) | |
| LEO LANGLEY | ) | |

**FILED**

JAN - 8 2008

MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

COUNT ONE

The SPECIAL AUGUST 2006-1 GRAND JURY charges:

1.  At times material herein:

    a.   The Illinois Department of Revenue ("Department of Revenue"), a state agency, was responsible for assessing and collecting taxes from Illinois businesses, and other taxpayers, on behalf of state and local governments.

    b.   Defendants MICHAEL KROL ("Krol"), CHUCK MAALI ("Maali"), and LEO LANGLEY ("Langley") were auditors employed by the Department of Revenue. Their duties included performing audits relating to Illinois state sales taxes, and submitting accurate audits to determine appropriate tax liabilities.

    c.   Defendant DEAN ROUPAS ("Roupas") was an attorney licensed to practice law in the State of Illinois. Roupas represented individuals and entities in matters relating to the Department of Revenue.

    d.   The Department of Revenue had rules that prohibited employees from accepting gifts, loans, or gratuities of more than $50, or any thing of value intended to influence an employee in

connection with their job.  The Department's rules prohibited employees from referring taxpayers to an attorney or law firm in connection with any official business involving the Department of Revenue.  The Department's rules also required employees to report to the Department any offer of a bribe and any unethical practice by tax practitioners.

e.    Between 2001 and 2004, the Department of Revenue received in excess of $10,000 in federal funding each year.

2.    From in or about July 2002 to in or about June 2003, at Chicago, in the Northern District of Illinois, Eastern Division,

DEAN ROUPAS,

defendant herein, corruptly offered, gave, and agreed to give things of value, namely cash payments totalling approximately $25,500, to Michael Krol, Chuck Maali, and Leo Langley, who were agents of the Illinois Department of Revenue, which was a state agency, intending to influence and reward those individuals in connection with their duties as auditors for the Illinois Department of Revenue, namely, to induce and reward their referrals to Roupas of taxpayers whom they were auditing, in a series of transactions having a value of $5,000 or more, involving the Illinois Department of Revenue, being a state agency that received in excess of $10,000 in federal funding in a twelve-month period from July 1, 2002, to June 30, 2003;

In violation of Title 18, United States Code, Section 666(a)(2).

2

## COUNT TWO

The SPECIAL AUGUST 2006-1 GRAND JURY charges:

1.  The allegations in paragraph 1 of Count One of this indictment are hereby realleged and incorporated herein as if fully set forth herein.

2.  From in or about July 2002 to in or about June 2003, at Chicago, in the Northern District of Illinois, Eastern Division,

CHUCK MAALI

defendant herein, being an agent of the Illinois Department of Revenue, which was a state agency, corruptly accepted and agreed to accept things of value from Dean Roupas, an attorney, namely, cash payments, and Maali intended to be influenced and rewarded in connection with his duties as an auditor for the Illinois Department of Revenue, namely, to be induced and rewarded for his referrals to Roupas of taxpayers whom Maali was auditing, in a series of transactions having a value of $5,000 or more, involving the Illinois Department of Revenue, being a state agency that received in excess of $10,000 in federal funding in a twelve-month period from July 1, 2002, to June 30, 2003;

In violation of Title 18, United States Code, Section 666(a)(1)(B).

3

## COUNT THREE

The SPECIAL AUGUST 2006-1 GRAND JURY charges:

1.    The allegations in paragraph 1 of Count One of this indictment are hereby realleged and incorporated herein as if fully set forth herein.

2.    From in or about April 2002 to in or about September 2002, at Chicago, in the Northern District of Illinois, Eastern Division,

MICHAEL KROL,

defendant herein, being an agent of the Illinois Department of Revenue, which was a state agency, corruptly accepted and agreed to accept things of value from Dean Roupas, an attorney, namely, cash payments, and Krol intended to be influenced and rewarded in connection with his duties as an auditor for the Illinois Department of Revenue, namely, to be induced and rewarded for his referrals to Roupas of taxpayers whom Krol was auditing, in a series of transactions having a value of $5,000 or more, involving the Illinois Department of Revenue, being a state agency that received in excess of $10,000 in federal funding in a twelve-month period from July 1, 2002, to June 30, 2003;

In violation of Title 18, United States Code, Section 666(a)(1)(B).

4

## COUNT FOUR

The SPECIAL AUGUST 2006-1 GRAND JURY charges:

1.   The allegations in paragraph 1 of Count One of this indictment are hereby realleged and incorporated herein as if fully set forth herein.

2.   From in or about April 2003 to in or about March 2004, at Chicago, in the Northern District of Illinois, Eastern Division,

LEO LANGLEY,

defendant herein, being an agent of the Illinois Department of Revenue, which was a state agency, corruptly accepted and agreed to accept things of value from Dean Roupas, an attorney, namely, cash payments, and Langley intended to be influenced and rewarded in connection with his duties as an auditor for the Illinois Department of Revenue, namely, to be induced and rewarded for his referrals to Roupas of taxpayers whom Lang and other agents of the Illinois Department of Revenue were auditing, in a series of transactions having a value of $5,000 or more, involving the Illinois Department of Revenue, being a state agency that received in excess of $10,000 in federal funding in a twelve-month period from April 1, 2003, to March 31, 2004;

In violation of Title 18, United States Code, Section 666(a)(1)(B).

A TRUE BILL:

_____
FOREPERSON

_____
UNITED STATES ATTORNEY

5